# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:03CR10084-003 |
| v. ) | **OPINION AND ORDER** |
| ) | By: James P. Jones |
| **JAMES CRAWFORD,** ) | United States District Judge |
| Defendant. ) | |

*James Crawford, Pro Se Defendant.*

The defendant, a federal inmate proceeding pro se, has filed a Motion for Accredit [sic] Jail Time pursuant to 18 U.S.C. § 3585(b), asking me to credit him for time he spent incarcerated from December 12, 2003, until July 7, 2005, before he began serving his federal sentence in this case. For the following reasons, I will deny the motion.

Credit for prior custody is governed by 18 U.S.C. § 3585, which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences —
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b). The Supreme Court has held that only the Bureau of Prisons ("BOP") can calculate credit for time served; a district judge cannot compute and order the credit as part of sentencing. *United States v. Wilson*, 503 U.S. 329, 334 (1992); *see also United States v. Stubbs*, No. 97-4948, 1998 WL 387253, at *1-2 (4th Cir. June 24, 1998) (unpublished) (holding that a district court "clearly exceed[ed] its authority by computing defendant's credit for time served and ordering the BOP to reduce the defendant's sentence in accordance with that calculation").

The proper way for an inmate to challenge the BOP's calculation of credit for time served is to file a petition for writ of habeas corpus in the district where the inmate is confined. *Major v. Apker*, 576 F. App'x 284, 288 (4th Cir. 2014) (unpublished) (noting that "a district court may review under § 2241 the BOP's ruling on an inmate's request for presentence credit"); *United States v. Buckner*, 1 F. App'x 252, 253 (4th Cir. 2001) (unpublished); 28 U.S.C. § 2241(a). Crawford is currently confined in Kentucky, not in the Western District of Virginia. Therefore, I do not have jurisdiction to consider his claim. *See United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989).

While I could construe the instant motion as a habeas petition and transfer the case to the appropriate district, I decline to do so because Crawford does not

assert that he has exhausted his administrative remedies. Federal inmates may only seek judicial review of the BOP's computation of their credits after exhausting their administrative remedies. *Wilson*, 503 U.S. at 336. The applicable regulation provides that "an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy. Each Warden shall establish procedures to allow for the informal resolution of inmate complaints." 28 C.F.R. § 542.13(a). Another regulation provides detailed instructions for the initial filing. 28 C.F.R. § 542.14.

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response.

28 C.F.R. § 542.15(a). There is no indication in the motion that Crawford has taken these necessary steps.

Because this court does not have jurisdiction over Crawford's claim, it is **ORDERED** that the Motion for Accredit Jail Time (ECF No. 224) is DENIED without prejudice.

ENTER: September 1, 2016

/s/ James P. Jones
United States District Judge