# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:03CR10084-3 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **JAMES CRAWFORD,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Whitney D. Pierce, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, James Crawford, a federal inmate previously sentenced by this court, has filed a motion by counsel seeking compassionate release from his sentence. The motion is filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018). The defendant's motion has been fully briefed and is ripe for decision.

I.

Crawford is currently housed at the Federal Correctional Institution Hazelton, located in West Virginia, where he works in food service. He suffers from asthma, for which he takes medication. The evidence of record suggests that his asthma is mild to moderate, controlled with medication, and does not prevent him from playing

basketball or engaging in other physical activities. Crawford is 38 years old. The Bureau of Prisons ("BOP") website lists his projected release date as March 2, 2022.

Crawford submitted a request to the Warden on March 31, 2020, asking to be released to home confinement due to the health risks posed by the novel coronavirus. The Warden denied his request on April 14, 2020. Crawford has not fully exhausted his administrative remedies. The government, however, has not raised his failure to exhaust as a ground for denying the motion; accordingly, I find that the exhaustion issue has been waived.[1]

Crawford pled guilty to one count of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a) and 846, and one count of use of a firearm in furtherance of a drug offense, in violation of 18 U.S.C. § 924(c). By Amended Judgment entered on August 18, 2004, the court, departing downward on the government's motion, sentenced him to 120 months on the conspiracy charge and 60 months on the § 924(c) charge, to run consecutively. On April 3, 2008, the court

---

[1] In considering § 3582(c)(2), regarding retroactive amendments to the sentencing guidelines, which is another exception to the statutory direction that the court cannot modify a sentence once imposed, the Fourth Circuit held that the lack of a prerequisite to a motion for reduction in sentence did not raise a jurisdictional issue. *United States v. May*, 855 F.3d 271, 275–76 (4th Cir. 2017) (noting that "The Supreme Court requires Congress to 'clearly state[] that a threshold limitation on a statute's scope shall count as jurisdictional' before a court can treat the limitation as such.") (citing and quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515–16 (2006)). Based on this precedent, I do not find that failure to exhaust administrative remedies is a jurisdictional bar under § 3582(c)(1)(A)).

reduced the sentence on the conspiracy count to 96 months. On February 6, 2015, the court further reduced the sentence on the conspiracy count to 77 months. Following these reductions, Crawford's federal sentence consists of 137 months incarceration.

At the time of his sentencing, Crawford had pending state charges in Tennessee and was in primary state custody. In July of 2005, in the Criminal Court for Knox County, Tennessee, he pled guilty pursuant to a plea agreement to one count of aggravated robbery, one count of aggravated burglary, and two counts of aggravated assault. Both his state court plea agreement and the state court judgment indicated that his eight-year sentence of incarceration on the robbery charge would run concurrently with the federal sentence he was then serving. The three-year sentences he received on the assault counts were to run concurrently with the robbery sentence. In addition, he was sentenced to three years on the burglary count, to run consecutively.

At some point, Crawford learned that the BOP was not giving him credit toward his federal sentence for the eight-year state robbery sentence. He sought post-conviction relief in the Tennessee Court of Appeals, but his petition was denied as untimely, although the court acknowledged that it may have had merit. *Crawford v. State*, No. E2010–00425–CCA–R3–PC, 2011 WL 1745187, at *2 (Tenn. Ct. App. May 9, 2011). Crawford then sought a retroactive designation from the BOP, which

was denied. Had it been granted, his release date would have been October 10, 2014. There is no indication that he has sought relief in the United States district court in the district of his incarceration related to the BOP's calculation of his sentence.

The conduct underlying Crawford's federal and state convictions included distributing a substantial amount of crack cocaine in this district over a three-year period and threatening individuals with firearms in the course of his crimes. He has committed various disciplinary infractions while incarcerated, with his most recent infraction occurring on February 28, 2019.

Crawford has been in continuous state and federal custody since 2003. He has served nearly 75% of his sentence. Upon his release, he intends to live with former youth mentors in Austin, Texas, and his home plan has been approved by the United States Probation Office for that district.

II.

Section 3582(c)(1) permits a sentencing court to reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."[2] 18 U.S.C. § 3582(c)(1). The U.S. Sentencing

---

[2] The Sentencing Commission has adopted such policy provisions. Those policies provide in pertinent part that release may be granted if the court determines that "extraordinary and compelling reasons warrant the reduction" and "[t]he defendant is not a danger to the safety of any other person or to the community." U.S. Sentencing Guidelines Manual § 1B1.13(1)(A), (2) (U.S. Sentencing Comm'n 2018). These policies

Guidelines Manual ("USSG") defines extraordinary and compelling reasons in relation to the medical condition of the defendant, as follows:

> **(A) Medical Condition of the Defendant**,--
>
> **(i)** The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> **(ii)** The defendant is--
>
> **(I)** suffering from a serious physical or medical condition,
>
> **(II)** suffering from a serious functional or cognitive impairment, or
>
> **(III)** experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> **(B) Age of the Defendant**.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

---

have not changed since the First Step Act of 2018 amended § 3582(c)(1)(A) to allow a direct motion by the inmate. But in any event, even the present commentary to § 1B1.13, while listing circumstances that the Director of the BOP is encouraged to consider in determining whether to file a motion for reduction, also emphasizes that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction) after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community." *Id.* at cmt. n.4.

USSG § 1B1.13 cmt. n.1(A, B) (2018).

It does not appear that Crawford's medical ground for compassionate release complies with any of these categories. Even considering them merely as "helpful guidance on the factors that support compassionate release," *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019), I do not find that Crawford is qualified for such extraordinary relief. His asthma does not appear to be particularly severe and is being managed appropriately. I cannot conclude from the record evidence that he is at a significantly heightened risk of contracting Covid-19, the disease caused by the novel coronavirus.

Crawford has already received several sentence reductions. The motion presently before the court is not the appropriate avenue to challenge the BOP's calculation of his release date. I do not find that Crawford has shown extraordinary and compelling reasons that would warrant a further reduction in his sentence.

I have also considered the factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission. I conclude that they do not support releasing Crawford.

III.

For these reasons, it is **ORDERED** that the defendant's motion and supplemental motion, ECF Nos. 234 and 240, are DENIED.

ENTER: May 19, 2020

/s/ *JAMES P. JONES*
United States District Judge