# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:03CR10084-3 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **JAMES CRAWFORD,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Whitney D. Pierce, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The court previously denied the defendant's motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Op. & Order, May 19, 2020, ECF No. 250. The defendant has now filed a Motion for Reconsideration or in the Alternative a Recommendation for *Nunc Pro Tunc* Concurrent Designation to the Bureau of Prisons. The government opposes the motion, which I will deny for the following reasons.

Crawford is 38 years old. The Bureau of Prisons ("BOP") website lists his projected release date as March 2, 2022. Crawford pled guilty in this court to one count of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a) and 846, and one count of use of a firearm in furtherance of a drug offense, in

violation of 18 U.S.C. § 924(c). By Amended Judgment entered on August 18, 2004, the court, departing downward on the government's motion, sentenced him to 120 months on the conspiracy charge and 60 months on the § 924(c) charge, to run consecutively. On April 3, 2008, the court reduced the sentence on the conspiracy count to 96 months. On February 6, 2015, the court further reduced the sentence on the conspiracy count to 77 months. Following these reductions, Crawford's federal sentence consists of 137 months incarceration.

At the time of his sentencing, Crawford had pending state charges in Tennessee and was in primary state custody. In July of 2005, in the Criminal Court for Knox County, Tennessee, he pled guilty pursuant to a plea agreement to one count of aggravated robbery, one count of aggravated burglary, and two counts of aggravated assault. Both his state court plea agreement and the state court judgment indicated that his eight-year sentence of incarceration on the robbery charge would run concurrently with the federal sentence by this court. The three-year sentences he received on the assault counts were to run concurrently with the robbery sentence. In addition, he was sentenced to three years on the burglary count, to run consecutively.

At some point while serving his state sentence, Crawford learned that he was not going to receive credit toward his federal sentence for the state robbery sentence. He sought post-conviction relief in the Tennessee Court of Appeals, contending that

he had based his guilty plea on the false promise that his robbery sentence would run concurrent with his yet-to-be-served federal sentence, but his petition was denied as untimely. *Crawford v. State*, No. E2010–00425–CCA–R3–PC, 2011 WL 1745187, at *3 (Tenn. Ct. App. May 9, 2011). Crawford then sought a retroactive designation from the BOP, which was denied. Had it been granted, his release date would have been October 10, 2014.

The conduct underlying Crawford's federal and state convictions included distributing a substantial amount of crack cocaine in this district over a three-year period and threatening individuals with firearms in the course of his crimes. He has committed various disciplinary infractions while incarcerated, with his most recent infraction occurring on February 28, 2019.

Crawford has been in continuous state and federal custody since 2003.

In his present motion, Crawford's counsel points out that while he could now file a habeas petition in the Northern District of West Virginia to try to obtain credit for his state sentence, it is likely, based on information provided, that it would take two year before a decision would be rendered, thus extending beyond his current projected release date. It is also noted that at the time of his earlier consideration for retroactive designation by the Bureau of Prisons, his original sentencing judge, the Honorable Glen M. Williams, had retired, and I replied to the Bureau of Prisons that I had no view on the matter. Letter, Mar. 1, 2012, ECF No. 196. Crawford has now

filed another request to the Bureau of Prisons for retroactive designation, which would amount in practice to running his federal sentence concurrent with his fully served 11-year state sentence, *see Setser v. United* States, 132 S. Ct. 1463, 1467–68 (2012), and the present motion seeks, as alternative relief, that I endorse his latest request.

The present motion does not contain any information sufficient to cause the court to change its prior decision denying the motion under § 3582(c)(1)(A). As to the alternative relief requested, for the reasons stated in the prior opinion as to the defendant's history and characteristics and the nature and circumstances of his criminal conduct, I decline to endorse his request.

For these reasons, it is **ORDERED** that the defendant's motion, ECF No. 251, is DENIED.

                                          ENTER: June 12, 2020

                                          /s/ *JAMES P. JONES*
                                          United States District Judge