# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 2:03CR10084-003 |
| v. | ) | **OPINION AND ORDER** |
| **JAMES CRAWFORD,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has filed a motion for a sentence reduction pursuant to § 404 of the First Step Act of 2018. I find the defendant eligible for relief and I will reduce his sentence.

The defendant was charged in a superseding indictment with conspiracy to possess with the intent to distribute at least 50 grams of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a), 846 (Count One), possession with the intent to distribute the same in violation of 21 U.S.C. § 841(a) (Count Two), and two counts of possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. §§ 371, 924(c)(1) (Counts Four and Five). The defendant pleaded guilty to Counts One and Four pursuant to a written plea agreement in which the government agreed to dismiss the remaining charges. Accounting for all relevant adjustments,

the defendant was determined to have a total offense level of 35, and a criminal history category of IV, which under the U.S. Sentencing Guidelines Manual produced a guideline range of 235 to 293 months.  District Judge Glen M. Williams sentenced the defendant on August 16, 2004, to the statutory mandatory minimum on Count One of 120 months, to be followed by a statutory mandatory minimum consecutive sentence of 60 months on Count Four, for a total sentence of 180 months incarceration.  Additionally, Judge Williams imposed a term of supervised release of five years.  The court twice reduced the defendant's sentence on the crack cocaine conviction pursuant to retroactive amendments to the sentencing guidelines: first to a total of 156 months, ECF No. 169 (Amendment 706); and again to total sentence to 137 months, ECF No. 206 (Amendment 782).  The defendant has served approximately 113 months of his federal sentence.[1]

Under the First Step Act, the defendant's new mandatory minimum would be 120 months, consisting of a mandatory minimum of 60 months for Count One and the mandatory consecutive minimum of 60 months for Count Four.  I find it appropriate in determining whether to reduce the defendant's sentence, and the extent of any such reduction, to consider the sentencing factors set forth in 18 U.S.C.

---

[1]  The defendant completed an eight-year sentence imposed by a Tennessee state court on unrelated charges before being transferred to federal custody to serve this sentence.  All told, the defendant has been incarcerated for an unbroken period of roughly 209 months.

§ 3553(a). I have reviewed the defendant's original Presentence Investigation Report and education and disciplinary data while in prison, as well as the briefs filed by counsel. I will reduce the defendant's sentence to time served, to be followed by a term of supervised release of four years.

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion to Reduce Sentence, ECF Nos. 280, 281, 285, is GRANTED;

2. <u>The defendant's sentence is hereby reduced to time served as to Count One and time served as to Count Four, meaning that the defendant has now fully served the imprisonment imposed as to both counts and is to be released from imprisonment.</u> This imprisonment is to be followed by a term of supervised release of four years on each count to run concurrently;

3. This order is stayed for 14 days, for the verification of the defendant's residence and/or establishment of an appropriate release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. If more than 14 days are needed for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements and ensure the defendant's safe release, the parties or the Probation Office shall immediately notify the court and advise why the stay should be extended;

4. The terms of the defendant's supervised release are modified as follows:

The defendant must serve four months of home incarceration at the approved residence beginning immediately after release for 24-hours-a-day except for medical necessities and court appearances and other absences specifically approved by the court. The probation officer shall monitor compliance by Voice Recognition, and the probation officer may recommend to the court RF or GPS location monitoring if greater absences are approved or greater risks are identified; and

    5. The Clerk shall provide the Probation Office with a copy of this Opinion and Order and the Probation office shall transmit a copy to the Bureau of Prisons.

    ENTER: July 16, 2021

    /s/ JAMES P. JONES
    United States District Judge